UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAJAN PAUL GREEN,<br><br>         Plaintiff,<br><br>     v.<br><br>R. BOGGUST, et al.,<br><br>         Defendants. | Case No.  EDCV-15-02578-JGB (KES)<br><br>ORDER DISMISSING ACTION FOR LACK OF PROSECUTION |

Trajan Paul Green ("Plaintiff"), a prisoner in state custody, initiated this civil rights action in December 2015.  It appears that he was released from custody in late 2016.  Because he has failed to keep the Court apprised of his address, this action will be dismissed for lack of prosecution.

## I.
## LEGAL STANDARD

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Carey v. King, 856

1

F.2d 1439, 1440 (9th Cir. 1988). Local Rule 41-6 provides as follows:

> ***L.R. 41-6 Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address.*** A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

## II.
## BACKGROUND

Plaintiff filed his initial complaint on December 18, 2015. (Dkt. 1.) After the Court dismissed his initial complaint and first amended complaint with leave to amend (Dkt. 4, 7, 8), Plaintiff filed a second amended complaint on March 30, 2016. (Dkt. 10.) On June 8, 2016, the Court dismissed all of Plaintiff's claims with the exception of two claims against Defendant Deputy Sheriff R. Boggust. (Dkt. 12, 15.)

On October 25, 2016, Defendant Boggust moved to dismiss one of these claims. (Dkt. 26.) On October 26, 2016, the Court ordered Plaintiff to file a response to the motion to dismiss on or before November 21, 2016. (Dkt. 28.) On November 18, 2016, the Court granted Plaintiff's request for an extension until January 20, 2017 to file his opposition. (Dkt. 30.) In the motion requesting an extension, Plaintiff indicated that he was "currently in the process of being released from prison" and that he "will be homeless and need to find housing." (Dkt. 29.) The Court's November 18 Order was returned as undeliverable because Plaintiff had been "Paroled/Discharged." (Dkt. 31.)

On December 8, 2016, the Court sua sponte extended the 15-day deadline in Local Rule 41-6, giving Plaintiff until January 20, 2017 to notify the Court of his

current address. (Dkt. 32.) The Court admonished Plaintiff, "If Plaintiff fails to timely file a notice of his current address, the Court will recommend that this action be dismissed without prejudice for failure to prosecute." (Id.) This Order too was returned as undeliverable. (Dkt. 33.) As of the date of this Order, Plaintiff has not provided the Court with an updated mailing address or contact information.

## III.

## ANALYSIS

In Carey, the Ninth Circuit affirmed a dismissal for lack of prosecution under a local rule similar to Local Rule 41-6. In rejecting the plaintiff's arguments that the district court failed to consider less drastic sanctions and failed to determine whether the plaintiff's delay in prosecution was unreasonable or intentional, the Ninth Circuit held:

> [W]e can imagine no less drastic sanction that was available to the district court. Local Rule 41(b)(2) provides that the action may be dismissed *without* prejudice, not with prejudice. The district court could not contact Carey to threaten him with some lesser sanction. An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail. … Local Rule 41(b)(2)'s practical effect is merely to encourage all pro se litigants, and not just pro se prisoners, to keep the court abreast of their current mailing addresses, as all other litigants are required to do, to enable the court to communicate with them when necessary. …
>
> [T]he district court, being unable to communicate with Carey, could not ascertain the reasons for his complacency in pursuing his case. It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not

3

prosecuting his lawsuit are reasonable or not.

856 F. 2d at 1441.

The present case is indistinguishable from Carey. Plaintiff's failure to keep the court apprised of his address prevents the Court from ascertaining whether his failure is deliberate or excusable. Given the public's interest in expeditious resolution of this civil rights litigation, the court's need to manage its docket, and the risk of prejudice to Defendant Boggust, whose motion to dismiss remains pending and unanswered, a dismissal without prejudice is appropriate.

## IV.
## CONCLUSION

Plaintiff's second amended complaint (Dkt. 10) and this action are dismissed without prejudice. Defendant Boggust's motion to dismiss (Dkt. 26) is denied as moot. Judgment will be entered in accordance with this Order.

DATED: February 2, 2017

_____
JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge